RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0714-16T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

I.G.,

    Defendant-Appellant,

and

C.J. and L.B.,

    Defendants.

_____

IN THE MATTER OF THE GUARDIANSHIP OF
S.J., T.J., and I.G., MINORS.

_____

        Submitted May 8, 2017 — Decided May 18, 2017

        Before Judges Sabatino, Haas and Geiger.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Atlantic
        County, Docket No. FG-01-022-16.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Christine B. Mowry, Designated
        Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Erica Sharp, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (David Valentin, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant I.G.[1] appeals from a September 29, 2016 guardianship judgment terminating her parental rights to her three children, now ages eleven and six. She contends plaintiff Division of Child Protection and Permanency (the Division) failed to prove by clear and convincing evidence that terminating her parental rights was in the children's best interests, under the standards codified in N.J.S.A. 30:4C-15.1(a). The Division and the Law Guardian oppose the appeal. We affirm.

Parents have a constitutionally protected, fundamental liberty interest in the care, custody, and supervision of their children. Santosky v. Kramer, 455 U.S. 745, 753, 102 S. Ct. 1388, 1394-95, 71 L. Ed. 2d 599, 606 (1982); N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). Nonetheless, that interest is not absolute and "must be balanced against the State's parens patriae responsibility to protect the welfare of

---

[1] We use initials to protect the privacy of the children.

children." N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007) (quoting M.M., supra, 189 N.J. at 294-95). In some cases, termination of a parent's constitutionally protected interest may be necessary to protect a child. N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591, 599 (1986).

The Division, formerly known as the Division of Youth and Family Services, is "the State agency for the care, custody, guardianship, maintenance and protection of children." State ex rel. J.S., 202 N.J. 465, 477 (2010) (quoting N.J.S.A. 30:4C-2(a)). When the Division seeks to terminate a person's parental rights, a court must determine if doing so is in the child's or children's best interests. In a Title 30 proceeding, the "best interests" evaluation requires the Division prove by clear and convincing evidence:

> (1) The child's safety, health or development has been or will continue to be endangered by the parental relationship;
>
> (2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm. Such harm may include evidence that separating the child from his resource family parents would cause serious and enduring emotional or psychological harm to the child;
>
> (3) The [D]ivision has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's

A-0714-16T1

placement outside the home and the court has considered alternatives to termination of parental rights; and

(4) Termination of parental rights will not do more harm than good.

[N.J.S.A. 30:4C-15.1(a).]

See also A.W., supra, 103 N.J. at 604-11.

The family court "possesses special expertise in matters related to the family." N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012). We generally give deference to the factual findings of the family court because it has the opportunity to make first-hand credibility judgments about the witnesses who appear on the stand, and has the "feel of the case" that can never be realized by a review of a cold record. N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008). Our task is to determine whether the decision of the family court in terminating parental rights is supported by substantial credible evidence in the record. F.M., supra, 211 N.J. at 448.

> Our review of a trial judge's decision to terminate parental rights is limited. In re Guardianship of J.N.H., 172 N.J. 440, 472 (2002). Appellate courts must defer to a trial judge's findings of fact if supported by adequate, substantial, and credible evidence in the record. In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993). Particular deference is afforded to decisions on issues of credibility. Cesare v. Cesare, 154 N.J. 394, 411-13 (1998). There is an exception to that general rule of

deference: Where the issue to be decided is an "alleged error in the trial judge's evaluation of the underlying facts and the implications to be drawn therefrom," we expand the scope of our review. In re J.T., supra, 269 N.J. Super. at 188-89. Despite such circumstances, deference will still be accorded the trial judge's findings unless it is determined that they went so wide of the mark that the judge was clearly mistaken. Ibid.

[N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007).]

With that standard and its limited exceptions in mind, we proceed with our analysis.

Here, to prove the statutory criteria, the Division presented the testimony of a Division caseworker, Alicia Johnson, and its expert, Dr. Alan J. Lee, a licensed clinical psychologist with a specialty in child abuse and neglect. The Division also introduced fifteen exhibits into evidence. The Law Guardian did not present any witnesses or move any exhibits into evidence. Defendant testified, but did not present the testimony of any other witnesses or move any exhibits into evidence. Following the two-day trial, Judge Jeffrey J. Waldman issued a twenty-seven-page Memorandum of Decision in which he meticulously and comprehensively reviewed the testimony and documentary evidence, carefully considered defendant's arguments, and concluded the Division had clearly and convincingly proved that terminating defendant's parental rights

was in the children's best interests. We affirm, substantially for the reasons detailed in the judge's opinion. We add the following brief comments.

Defendant argues that the Division did not prove the first statutory criterion by clear and convincing evidence, namely, that her children's health and safety was endangered by the parental relationship. N.J.S.A. 30:4C-15.1(a)(1). In fact, the evidence clearly and convincingly established that the children's health, safety, and development have been and will continue to be endangered by their parental relationship with I.G. In that regard, the record demonstrates that I.G. left the children unattended on multiple occasions, failed to address the children's behavioral needs by refusing to follow through on evaluations and services for the children, and engaged in repeated corporal punishment with a belt. I.G. also repeatedly failed to attend treatment and progress meetings and to discuss implementing Individualized Education Plans for the children. Dr. Lee explained that I.G. harmed the children because she could not "function as a minimally adequate parent" or "fulfill the [children's] needs in a safe, consistent manner."

The considerable trial evidence — including the Division's provision of a broad range of services for more than two years and defendant's failure to follow through with the services in a timely

A-0714-16T1

manner - amply support the court's finding that the Division proved the second criterion, namely, defendant was unable to eliminate the harm facing the children and unable to provide them with a safe and stable home.  N.J.S.A. 30:4C-15.1(a)(2).

Likewise, the trial evidence clearly and convincingly established the third statutory criterion, that is, the Division made reasonable efforts to provide services to help defendant correct the circumstances which led to the children's placement outside the home.  N.J.S.A. 30:4C-15.1(a)(3).  These considerable efforts involved offering a multitude of services to I.G., including a psychological evaluation, counseling services, parenting skills services, a substance abuse evaluation, Division-supervised visitation, two rounds of therapeutic visitation, and Family Team meetings to develop a reunification plan and strengthen I.G's relationship with V.S.  In addition, the Division attempted to assess other potential placements, but was provided with only one other name other than V.S.

Although defendant argues that kinship legal guardianship was a legitimate and better option for the children than adoption, the law is well settled that "when the permanency provided by adoption is available, kinship legal guardianship cannot be used as a defense to termination of parental rights under N.J.S.A. 30:4C-15.1(a)(3)."  Division of Youth & Family Servs. v. P.P., 180 N.J.

494, 510, 513 (2004); see Division of Youth & Family Servs. v. T.I., 423 N.J. Super. 127, 135-36 (App. Div. 2011). Here, V.S. is willing to adopt the children, but is not willing to pursue kinship legal guardianship.

Lastly, Dr. Lee's findings and opinion supported the judge's factual determination and legal conclusion that termination of parental rights would not do more harm than good. N.J.S.A. 30:4C-15.1(a)(4). Dr. Lee performed a psychological assessment of I.G., and bonding evaluations of I.G and V.S. as to each child. Judge Waldman's decision sets forth a detailed review of Dr. Lee's findings, including his opinion that I.G. had a poor prognosis for change and that she would likely continue to think about herself before thinking about the children. The judge found Dr. Lee's testimony to be credible, candid and responsive to all questions, presenting "a believable, consistent and uncontroverted narrative[.]" The judge further found that "Dr. Lee's testimony was in accordance with sound psychological practices, utilizing generally accepted objective testing, and he likewise testified in a manner consistent with the case record and his report." We can discern from the record no reason to depart from our deferential review of such credibility determinations. Cesare, supra, 154 N.J. at 413.

Judge Waldman's opinion appropriately tracks the statutory elements of N.J.S.A. 30:4C-15.1(a), and his factual determinations are amply supported by credible evidence in the record.  Based on the record, it can hardly be said that the judge "went so wide of the mark that a mistake must have been made."  M.M., supra, at 279.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0714-16T1